IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No.: 2:21 CR 041 |
| | : | |
| v. | : | Judge Michael H. Watson |
| | : | |
| DAWIT BEYENE MAMAY, | : | |
| | : | |

### UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR RECONSIDERATION OF DETENTION

The United States of America, by and through Vipal J. Patel, Acting United States Attorney for the Southern District of Ohio, hereby files this Response in Opposition to Defendant's Motion for Reconsideration of Detention Status [Doc. 71]. The motion requests that Defendant Dawit Beyene Mamay ("Mamay") be released pending trial. As established at the detention hearing, Defendant Mamay is a danger to the community and the United States continues to oppose his release.

### Applicable Law

Pursuant to Title 18, United States Code, Section 3142(e)(3)(A), "[s]ubject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if there is probable cause to believe the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act." On April 15, 2021, a federal Grand Jury returned a Superseding Indictment charging Defendant Mamay, along with three additional co-defendants, in a conspiracy to distribute and possess with intent to distribute controlled substances, including methamphetamine and fentanyl, in violation of Title

1

21, United States Code, Sections 846, 841(a)(1), and 841(b)(1)(A). The maximum possible term of imprisonment is a minimum mandatory term of imprisonment of at least 10 years and up to life. Therefore, this charge triggers the presumption in favor of detention in this case.

In addition, the legislative history of the Controlled Substances Act reveals that Congress intended to equate drug trafficking with danger to the community. "The Community also emphasizes that the risk that a defendant will continue to engage in drug trafficking constitutes a danger to the 'safety of any other person or the community.'" S. Rep. No. 225, 98th Cong., 2nd Sess. 12-13, *reprinted* in 1984 U.S. Code, Cong. and Admin. News, 3182, 3195-6 (notes omitted).

The burden rests with the defendant to offer some credible evidence to rebut the presumption that is set forth in Title 18, United States Code, Section 3142(e). *United States v. Alatishe*, 768 F.2d 364, 371 (D.C. Cir. 1985). Even if a defendant offers some credible evidence to rebut the presumption, that presumption is not destroyed, but rather, remains a factor which the Court may consider along with the factors listed in Title 18, United States Code, Section 3142(g) to determine whether a defendant should be detained. *United States v. Dillon*, 938 F.2d 1412, 1416 (1st Cir. 1991). *See also United States v. Hare*, 873 F.3d 796, 798-99 (5th Cir. 1989).

Pursuant to Title 18, United States Code, Section 3142(g), in making a determination about pretrial detention, the Court must consider the nature and circumstances of the offense charged (including whether the offense involves a controlled substance), the strength of the evidence against the defendant, the history and characteristics of the defendant (including employment and alcohol/drug abuse), and the nature and seriousness of the danger to the community which would be posed by the defendant's release. All of these factors weigh in favor

of detention and the defendant has failed in overcoming the presumption in favor of detention in this case.

## Legal Argument

As Magistrate Judge Jolson determined, the most significant factors supporting the detention of Defendant Mamay include: 1) the weight of evidence against him, 2) his prior criminal history, 3) his history of violence or use of weapons, 4) his history of alcohol or substance abuse, and 5) his lack of stable residence [Doc. 54, Order of Detention]. In the "other reasons or further explanation" section of the Order of Detention, Magistrate Judge Jolson expressly stated, "Defendant's reporting to Pretrial Services was inconsistent with what his mother said, and it appears that Defendant was not truthful about what he was reporting." [*Id*.] Considering the Defendant's arguments at the detention hearing and in his Motion, the Defendant has not offered any evidence to rebut the presumption in favor of detention or the findings of Magistrate Judge Jolson in this case.[1]

The factors cited by Magistrate Judge Jolson all show the Order of Detention was appropriate. First, the evidence against Defendant Mamay in the indicted case is strong. The matter was presented to the Grand Jury and an indictment was returned against Mamay. The sole count of the indictment charges Mamay with conspiring with others to distribute and possess with intent to distribute large quantities of methamphetamine and fentanyl in the Columbus, Ohio area.

---

[1] It is the understanding of the undersigned that, prior to the hearing in front of this Court, the Court will have reviewed a recording and / or transcript of the detention hearing held by Magistrate Judge Jolson on April 22, 2021. If the United States is incorrect in this understanding, it is certainly willing to present the evidence from the prior hearing to this Court.

Second, although Defendant Mamay's prior criminal history does not include numerous felony convictions, it does include a conviction for misdemeanor possession of controlled substances, an arrest for improper handling of a firearm in a motor vehicle and a conviction for carrying a concealed weapon. In addition, he has two prior traffic violations with one resulting in a failure to appear.

Third, Defendant Mamay's history of two arrests involving weapons weighs in favor of his danger to the community.

Fourth, by his own admission, Defendant Mamay has been using cannabanoids for the past ten years. Notably, his mother was not aware of any substance use by her son.

Fifth, unfortunately, Defendant Mamay's assertions regarding his employment and residence do not alleviate any concerns. As reflected in the Pretrial Services Report, Defendant Mamay told the Pretrial Services Officer that he is currently unemployed and advised that his sole job was briefly at a "bounce house" in Texas in 2013/2014. In addition, Defendant Mamay reported that he has lived with his mother at her residence in Columbus since birth with the exception of living in Dallas in 2013/2014. At the time of the initial report, his mother indicated that she was not aware of her son living outside the state of Ohio. The Pretrial Services Officer recently interviewed defendant's mother and she now claims to confirm her son's move to Dallas in 2013. Additionally, if released, Defendant Mamay would again be living with his mother which is the same residence he was residing at the time of the charged conspiracy. As indicated in the Pretrial Report, his mother was not aware of whether he had a passport or what his employment status was. It is fair to assume that she cannot control Defendant Mamay's actions if he were to reside with her.

In addition, although not specifically noted by Magistrate Jolson, Defendant Mamay is facing a lengthy term of incarceration; he faces a minimum mandatory term of imprisonment of at least 10 years and up to life on the conspiracy count pending against him.

While the Pretrial Services Report surprisingly recommended that Defendant Mamay be released, it should be noted that this determination was made without any consideration as to the penalties faced by the defendant or the rebuttable presumption against his release raised by the charge in this case.

As Magistrate Judge Jolson already decided, by "clear and convincing evidence", the defendant has failed to rebut the statutory presumption in favor of detention in this case.  In addition, based on all of the statutory factors, the United States submits that Defendant Mamay's danger to the community substantially outweighs any argument for his release.  Therefore, the United States respectfully requests that this Court sustain Magistrate Judge Jolson's Order of Detention [Doc. 54] detaining the defendant without bond and requests that the Court deny the Defendant's Motion for Bond Reconsideration [Doc. 71].

        Respectfully submitted,

        VIPAL J. PATEL
        ACTING UNITED STATES ATTORNEY

By: *s/ Sheila G. Lafferty*
        SHEILA G. LAFFERTY (0042554)
        Assistant United States Attorney
        303 Marconi Boulevard, Suite 200
        Columbus, OH 43215
        Phone No.: (614) 469-5715
        Email: Sheila.Lafferty@usdoj.gov

## **CERTIFICATE OF SERVICE**

      I hereby certify that on July 6, 2021, the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

      *s/Sheila G. Lafferty*
      SHEILA G. LAFFERTY (0042554)
      Assistant United States Attorney