```
          IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF OHIO
                    EASTERN DIVISION
```

**UNITED STATES OF AMERICA**

    **vs.**                                    **Criminal Action 2:21-cr-041(3)**
                                                    **JUDGE MICHAEL H. WATSON**

**DAWIT BEYENE MANAY**

## REPORT AND RECOMMENDATION

Defendant Dawit Beyene Manay previously pleaded not guilty to a *Superseding Indictment* charging him with conspiracy to distribute and to possess with intent to distribute 50 grams or more of methamphetamine and 40 grams or more a mixture or substance containing a detectable amount of fentanyl, in violation of 21 U.S.C. § 846. *Superseding Indictment*, ECF No. 40. Defendant and the United States thereafter entered into a plea agreement, executed under the provisions of Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure, whereby defendant agreed to plead guilty to that charge.[1] On October 20, 2021, defendant, assisted by his counsel, participated in a change of plea proceeding.

After being advised of his right to appear personally and with his counsel and after consulting with his counsel, defendant consented to appear by videoconference.

Defendant consented, pursuant to 28 U.S.C. §636(b)(3), to enter a guilty plea before a Magistrate Judge. *See United States v. Cukaj,* 25 Fed.Appx. 290, 291(6th Cir. 2001)(Magistrate Judge may accept a guilty

---

[1] Under the *Plea Agreement,* defendant agreed to abandon any interest that he may have in a specified firearm, a magazine, and currency. The *Plea Agreement* also includes an appellate waiver provision that preserves only certain claims for appeal or collateral challenge. The *Plea Agreement* also contains an immigration provision. However, defendant testified that he was born in the United States and is therefore a United States citizen. His conviction would therefore have no immigration consequences.

1

plea with the express consent of the defendant and where no objection to the report and recommendation is filed).

During the plea proceeding, the undersigned observed the appearance and responsiveness of defendant in answering questions. Based on that observation, the undersigned is satisfied that, at the time he entered his guilty plea, defendant was in full possession of his faculties, was not suffering from any apparent physical or mental illness and was not under the influence of narcotics, other drugs, or alcohol.

Prior to accepting defendant's plea, the undersigned addressed defendant personally and in open court and determined his competence to plead.  Based on the observations of the undersigned, defendant understands the nature and meaning of the charge in the *Superseding Indictment* and the consequences of his plea of guilty to that charge. Defendant was also addressed personally and in open court and advised of each of the rights referred to in Rule 11 of the Federal Rules of Criminal Procedure.

Having engaged in the colloquy required by Rule 11, the Court concludes that defendant's plea is voluntary.  Defendant acknowledged that the *Plea Agreement* contains the only promises made by anyone regarding the charge in the *Superseding Indictment*.  Defendant was advised that the District Judge may accept or reject the plea agreement and that all sentencing terms will be determined by the District Judge. Defendant was further advised that, even if the District Judge refuses to accept any provision of the plea agreement not binding on the Court or if the sentence imposed is more severe than the sentence defendant expected, defendant may nevertheless not withdraw his guilty plea.

Defendant confirmed the accuracy of the statement of facts supporting the charge.  He confirmed that he is pleading guilty to Count 1 of the *Superseding Indictment* because he is in fact guilty of that offense.  The Court concludes that there is a factual basis for the plea.

The Court concludes that defendant's plea of guilty to Count 1 of the *Superseding Indictment* is knowingly and voluntarily made with understanding of the nature and meaning of the charge and of the consequences of the plea.

It is therefore **RECOMMENDED** that defendant's guilty plea to Count 1 of the *Superseding Indictment* be accepted.  Decision on acceptance or rejection of the plea agreement was deferred for consideration by the District Judge after the preparation of a presentence investigation report.

In accordance with S.D. Ohio Crim. R. 32.1, and as expressly agreed to by defendant through counsel, a written presentence investigation report will be prepared by the United States Probation Office.  Defendant will be asked to provide information; defendant's attorney may be present if defendant so wishes.  Objections to the presentence report must be made in accordance with the rules of this Court.

If any party seeks review by the District Judge of this *Report and Recommendation,* that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation,* specifically designating this *Report and Recommendation,* and the part thereof in question, as well as the basis for objection thereto.  28 U.S.C. §636(b)(1); F.R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy thereof.  F.R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See United States v. Wandahsega,* 924 F.3d 868, 878 (6th Cir. 2019); *Thomas v. Arn,* 474 U.S. 140 (1985).

October 20, 2021                                    s/  Norah McCann King

Date                                                                   Norah M<sup>c</sup>Cann King
                                                               United States Magistrate Judge